## ANDREWS v TAX COMMISSION OF OHIO

Ohio Appeals, 9th Dist, Summit Co.

No. 3099. Decided Dec. 7, 1938.

Morris, Leanza & Bernard, Cleveland, and Wm. D. Held, Akron, for appellee.

Herbert S. Duffy, Atty. Gen., Columbus; A. F. O'Neil, First Asst. Atty. Gen., Columbus, and Wm. J. Ford, Asst. Atty. Gen., Columbus, for appellant.

## OPINION

By STEVENS, PJ.

On November 3, 1936, the electorate of the state of Ohio, by initiative and referendum, amended **Art. XII, §12,** of the **Constitution of the State of Ohio** to read as follows:

"Sec. 12. Excise Tax on Sale or Purchase of Food Prohibited, when.—On and after November 11, 1936, no excise tax shall be levied or collected upon the sale or purchase of food for human consumption off the premises where sold."

This amendment became effective, according to its terms, on November 11, 1936.

E. A. Andrews, the plaintiff below, appellee here, a vendor duly licensed under the provisions of the excise tax law known as the retail sales tax act, was engaged in the retail sale of tangible personal property at the time of the occurrence here in question.

Under the claim that the provisions of §5546-2, **GC,** which levied a tax on the sale of candy and confectionery, violated the provisions of **Art. XII, §12,** of the **Constitution of Ohio,** said vendor, on December 30, 1937, refused to collect the tax provided to be collected by him upon a sale of chocolate peppermint candy amounting to 25c, and refused to otherwise comply with said act in reference to such sale.

Thereupon the Tax Commission of Ohio, acting under the provisions of said act, after hearing duly had, entered an order revoking Andrews' vendor's license.

As provided for in the act, Andrews appealed to the Common Pleas Court of Summit County from the order of the commission revoking his vendor's license, and filed in said court his petition. making the Tax Commission of Ohio defendant.

In that petition he alleged that the candy so sold by him "was and is a food which was not consumed on the premises * * * and therefore was not subject to excise or sales tax, as provided by the constitution of the state of Ohio."

To that petition the Tax Commission filed its answer in compliance with the provisions of said act.

Trial was had to the Court of Common Pleas, and that court held that the provisions of the act levying a tax upon the sale of candy were unconstitutional, and that therefore the revocation of plaintiff's license was illegal. The matter is now before this court upon appeal on questions of law. the questions presented being whether Andrews had a right to maintain the action, and whether the provisions of said act levying a tax upon sales of candy and confectionery violate the provisions of **Art. XII, §12, of the Constitution of Ohio.**

We hold a substantial right of Andrews to have been affected by the order made by the defendant, the Tax Commission, and that therefore he had a right in this proceeding to have determined the constitutionality of the part of the act which defines the meaning of "food" in such a way as to not exempt candy and confectionery from the tax levied by said act.

It is argued on behalf of the plaintiff (appellee) that candy is a food within the meaning of that word as used in said constitutional amendment. On behalf of the defendant (appellant), the Tax Commission, it is asserted that the legislature had the power to define the meaning of the word "food" as used in the amendment to the constitution so as to exempt candy from the operation of the amendment.

Before the adoption of said constitutional amendment, the excise tax law, or sales tax law, in Ohio levied a tax upon the retail sale in general of tangible personal property, which included food, although no specific mention thereof was made in the act.

The constitutional amendment rendered parts of the excise tax law inoperative, and thereafter the legislature amended parts of the excise tax law and expressly provided therein that the tax levied should not apply to "sale or purchase of food for human consumption off the premises where sold," and then defined the word "food" as used in the act in such a way as not to exempt candy and confectionery from the tax therein levied.

The question for determination by this court is, What was meant by the people when they used the word "food" as it was used in said constitutional amendment?

A majority of the members of the court are of the opinion that the meaning of the word "food" is plain and was well understood by the electorate of Ohio; and we are of the opinion that the understanding of the electorate as to the meaning of said word was such that it included therein anything any everything which human beings eat or drink to sustain life.

Being of that belief, we are of the opinion that the legislature was without power to limit the meaning of the word as used in said constitutional amendment so as to exclude candy and confectionery from the exemption from tax provided by the constitutional amendment. We hold that that portion of the act contravenes the provisions of said constitutional amendment, and that the Common Pleas Court did not err in finding said portion of the act to be unconstitutional.

The judgment of the Common Pleas Court is modified so as to read as follows:

"This cause came on for hearing upon the pleadings and evidence and was submitted to the court; upon considera-

tion whereof the court finds, upon the issues joined, for the plaintiff.

"It is therefore considered, ordered and decreed that the temporary order hereinbefore granted against the defendant, the Tax Commission of Ohio, be, and the same hereby is, made permanent.

"It is further considered that the plaintiff recover from said defendant his costs herein expended, to be taxed.

"To all of which defendant excepts."

and as modified the judgment is affirmed.

DOYLE, J., concurs.